## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Dun & Bradstreet, Inc., a corporation, d/b/a D&B,<br><br>    Defendant. | Case No. 3:25-CV-1158<br><br>[PROPOSED] STIPULATED ORDER FOR CIVIL PENALTY, MONETARY JUDGMENT, AND INJUNCTIVE RELIEF |

The United States of America, acting upon notification from the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment and Other Relief ("Complaint") in this matter pursuant to Sections 5(*l*), and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(*l*) and 56(a)(1). Defendant Dun & Bradstreet, Inc. has waived service of the summons and the Complaint. Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Civil Penalty, Monetary Judgment, and Injunctive Relief ("Stipulated Order") to resolve the claims for civil penalties, monetary relief, and injunctive relief set forth in the Complaint.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.      This Court has jurisdiction over this matter and all of the parties.

1

2.    The Complaint alleges that Defendant violated Sections 5(*l*), 16(a)(1) of the FTC Act, 15 U.S.C. §§ 45(*l*), and 56(a)(1), including for violations of Sections I, II, VII, and X of the Commission's Decision and Order in *In re Dun & Bradstreet, Inc.*, C-4761, 2022 WL 1102023 (F.T.C. April 6, 2022) ("2022 Order").

3.    Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Stipulated Order, and agrees to bear its own costs and attorney's fees.

4.    Defendant neither admits nor denies any of the allegations in the Complaint. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

5.    Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Stipulated Order.

## DEFINITION

A.    "Defendant" means Dun & Bradstreet, Inc., a corporation, doing business as D&B ("D&B"), and its successors and assigns.

### I.    Monetary Judgment for Civil Penalty

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Two Million, Sixty-Three Thousand, and Ninety dollars ($2,063,090) is entered in favor of Plaintiff against Defendant as a civil penalty pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

B.     Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Two Million, Sixty-Three Thousand, and Ninety dollars ($2,063,090).  Such payment must be made within fourteen (14) days of entry of this Stipulated Order by electronic fund transfer in accordance with instructions to be provided by a representative of Plaintiff upon the Court's issuance of this Order.

C.     In the event of any default in payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

## II.     Monetary Judgment for Violations of the 2022 Order

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of Two Million, Seven Hundred and Eighty-Five Thousand, Seven Hundred and Eighty-Six Dollars ($2,785,786) is entered in favor of the Plaintiff against Defendant as equitable monetary relief under Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*).

## III.     Refunds to Customers

A.     Defendant shall satisfy the equitable monetary judgment in Section II by refunding certain customers ("Eligible Customers").  Eligible Customers are:

1.  Customers who auto-renewed a Dun & Bradstreet product at rates higher than the list price between April 6, 2022, and December 31, 2023;

2.  Customers who purchased a Dun & Bradstreet product from Defendant on a telesales call on or after April 6, 2022, through date

of entry of this Order.

B.    Refunds due to each Eligible Customer shall be calculated as follows:

1. For each Eligible Customer under Section III.A.1, the refund amount shall be (i) the difference between the list price and the price paid in excess of the list price, less (ii) any amounts refunded to such customers as of the date of this Order. The total refunds shall not exceed $1,210,376.29, inclusive of the approximately $924,590 previously reimbursed and any additional amounts reimbursed through the date of this Order;

2. For each Eligible Customer under Section III.A.2, the refund amount shall be an amount equal to $2,500,000 divided by the number of such Eligible Customers. The amount refunded under this provision shall not exceed $2,500,000.

C.    Defendant must identify Eligible Customers.

1. Such Eligible Customers, and their contact information, must be identified to the extent such information is in Defendant's possession, custody or control; and

2. Eligible Customers include those identified at any time, including after Defendant's execution of ~~this~~ the Proposed Order through one (1) year after the issuance date of the Order (the "Redress Period"). *(MMH)*

D.    Defendant must notify and refund Eligible Customers within 180 days after the issuance date of this Order, and any Eligible Customers identified thereafter

within 30 days of their identification.

E.     Defendant must notify and refund identified Eligible Customers through a refund applied to the credit card or other method of payment Defendant has on file for the customer, or if no such method of payment is on file or if such repayment is not practicable, by mailing each Eligible Customer a notice, as follows:

1. The letter must be in the form shown in Attachment A.

2. The envelope containing the letter must be in the form shown in Attachment B.

3. The envelope must also contain a refund check from Defendant for the refund amount due to the customer. The face of each check must clearly and conspicuously state: "Please cash or deposit this check within 180 days or it may no longer be good." Defendant may void any checks that have not been negotiated after 187 days from the date the checks were originally mailed.

4. The mailing of the notification letter must not include any other enclosures.

5. The mailing must be sent by first-class mail, postage prepaid, address correction service requested with forwarding and return postage guaranteed. For any mailings returned as undeliverable, Defendant must use standard address search methodologies such as re-checking Defendant's records and the Postal Service's National Change of Address database and re-mail the package to the corrected address within 15 days.

F.    Defendant must report on the notification and refund program under ~~MmH~~ penalty of perjury within forty-five (45) days of the end of the ~~notification and refund~~ ~~program.~~ *Redress Period:*

1. Defendant must submit a report at the conclusion of the program summarizing its compliance to date, including:

    i.   the total number of Eligible Customer identified;

    ii.  the refund calculated as due to each Eligible Customer, distinguished between refund amounts due to a particular Eligible Customer under Section III.B.1 and III.B.2;

    iii. the refund amount issued, via checks negotiated or refund credits, to each Eligible Customer;

    iv.  the total dollar amount for refund checks issued;

    v.   the total dollar amount of any refund credits issued;

    vi.  the number of refund checks mailed;

    vii. the number of refund checks cashed; and

    viii. the remainder (if any) of redress funds not distributed to customers.

2. If a representative of the Plaintiff or Commission requests any information regarding the program, including any of the underlying customer data, Defendant must submit it, in the form prescribed by the Plaintiff or Commission, within 10 days of the request.

3. Failure to provide required notices, refunds, or any requested information will be treated as a continuing failure to obey this Order.

G.   None of the funds used to satisfy the judgment entered in Section II shall be used to pay for administration or other fees associated with disbursement of refunds.

H.   If Defendant does not disburse $3,710,376.29, inclusive of the approximately $924,590 previously reimbursed and any additional amounts reimbursed through the date of this Order, in refunds to customers pursuant to the procedures set forth in this Section, any remainder must be paid to the Plaintiff (MmH) within forty-five (45) days of the end of the ~~refund program by~~ Redress Period by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff upon the Court's issuance of this Order.  Any such funds shall be deposited to the U.S. Treasury as an additional civil penalty.

## IV.   Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

A.   Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Stipulated Order and may not seek the return of any assets.

B.   The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

7

C.     Defendant acknowledges that Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendant previously provided, may be used by the Commission and Plaintiff for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. §7701.

## V.     Compliance Monitoring

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, and any failure to transfer any asset as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with the Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as customers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VI.   Continuing Jurisdiction

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction in this matter for purposes of construction, modification, and enforcement of this Stipulated Order.

SO ORDERED this 12 day of January, 2026.

_____
UNITED STATES DISTRICT JUDGE

Dated: Jan 12, 2026

9

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**THE UNITED STATES OF AMERICA**

BRETT A. SHUMATE
Assistant Attorney General
JORDAN C. CAMPBELL
Deputy Assistant Attorney General
SARMAD KHOJASTEH
Senior Counsel
Civil Division

LISA K. HSIAO
Acting Director
ZACHARY A. DIETERT
Assistant Director

By: */s/ Sarah Williams*                    Date: September 29, 2025
SARAH WILLIAMS
Senior Trial Attorney
Telephone: (202) 616-4269
sarah.williams@usdoj.gov
U.S. Department of Justice
Civil Division
Consumer Protection Branch
450 5th Street, N.W. Suite 6400-South
Washington, D.C. 20044

By: */s/ Lacy R. Harwell*                    Date: September 29, 2025
Lacy R. Harwell, Jr.
Assistant U.S. Attorney
Fla. Bar No. 714623
Office of the U.S. Attorney
400 N. Tampa St., Suite 3200
Tampa, FL  33602
Telephone: (813) 274-6000
randy.harwell@usdoj.gov

10

**FEDERAL TRADE COMMISSION**

Date: 9/2/2025

Christopher J. Erickson
Taylor H. Bates
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 326-3671; cerickson@ftc.gov
(202) 326-2765; tbates@ftc.gov

**FOR DEFENDANT:**

Date: 7/10/2025

Richard Schwed
Allen Overy Shearman Sterling US LLP
599 Lexington Avenue
New York NY 10022
(212) 848-5445
rschwed@aoshearman.com
COUNSEL FOR DUN & BRADSTREET, INC.

**DEFENDANT: Dun & Bradstreet, Inc.**

*Ginny Gomez*

Ginny Gomez (Jul 10, 2025 14:31 EDT)

Date: 07/10/2025

Virginia (Ginny) Gomez
AS AN OFFICER OF DUN & BRADSTREET, INC.

11

**ATTACHMENT A to the Order – Letter Templates:**

The refund letters must be in the following form, appearing on Dun & Bradstreet letterhead, with the underlined text completed as directed, as appropriate to the refund received:

## I.    Refunds Under Section III.A.1 (List Price)

Customer No:   <u>\<Number></u>

Subject:  Refund check from Dun & Bradstreet
<u>\<Name of customer></u>
<u>\<mailing address of customer</u>
<u>including zip code></u>

Dear  <u>\<Name of customer></u>:

In April 2024, Dun & Bradstreet voluntarily sent a refund check to you based on our discovery of a difference between what we charged you and the list price for your autorenewal of:

| Product | Renewal Date | Order ID |
|---|---|---|
| [fill] | [fill] | [fill] |

Our records show that you did not cash that check. To address our obligations under a consent order with the Federal Trade Commission (FTC), the nation's consumer protection agency, we've enclosed a replacement refund check. **Please cash or deposit the enclosed check within 180 days.**

The enclosed refund check is for the price difference between what we charged you and the list price. If you have any questions, call <u>\<toll free number></u>. You can learn more about the FTC's consent order with Dun & Bradstreet at <u>www.ftc.gov/\<url></u>.

Sincerely,

Dun & Bradstreet

## II.    Refunds Under Section III.A.2 (Telemarketing Disclosures)

Customer No:   <u>\<Number></u>

Subject:  Refund check from Dun & Bradstreet
<u>\<Name of customer></u>
<u>\<mailing address of customer</u>
<u>including zip code></u>

Dear  <u>\<Name of customer\></u>:

We are writing to let you know that we have included a refund check that is a partial reimbursement of the amount you paid our company when you made a purchase from one of our company's sales representatives over the phone. We're sending this to address our obligations under a consent order with the Federal Trade Commission (FTC), the nation's consumer protection agency, and as part of our ongoing commitment to transparency and fairness. **Please cash or deposit the enclosed check within 180 days.**

We've enclosed a refund check for the [<u>insert amount</u>]. If you have any questions, please call <u>\<toll free number\></u>. You can learn more about the FTC's consent order with Dun & Bradstreet at <u>www.ftc.gov/\<url\></u>.

Sincerely,

Dun & Bradstreet

**ATTACHMENT B to the Order – Envelope Template:**

The envelope for the notification letter must be in the following form, with the underlined text completed as directed:


Dun & Bradstreet, Inc.
[Address Placeholder
Address Placeholder]

FORWARDING AND RETURN POSTAGE GUARANTEED ADDRESS CORRECTION
SERVICE REQUESTED

[name and
mailing address of customer,
including zip code]


**ABOUT YOUR PURCHASE FROM DUN & BRADSTREET**